*not be shown.* To set aside a voluntary conveyance by a judgment debtor as in fraud of the judgment creditor, it is not necessary to show that, at the time of the conveyance, the debtor was actually insolvent.

3. FRAUDULENT CONVEYANCES, § 89*—*what is effect of marital relation in determining whether conveyance is void.* In ascertaining whether a conveyance from husband to wife is in fraud of creditors, while the marital relation is not, of itself, sufficient ground for holding the transaction void, it is ground for closely scrutinizing the transaction.

4. FRAUDULENT CONVEYANCES, § 300*—*when decree conforms to bill.* On a bill to set aside a conveyance as in fraud of creditors, decree rendered *held* to follow sufficiently the theory appearing in the bill.

---

## Henry F. Wardwell, Appellee, v. Hocking Valley Railway Company, Appellant.

### Gen. No. 23,295. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed December 3, 1917.

### Statement of the Case.

Action by Henry F. Wardwell, plaintiff, against Hocking Valley Railway Company, defendant, to recover damages for a breach of contract for the sale of goods. From a judgment for plaintiff for $14,250, defendant appeals.

CALHOUN, LYFORD & SHEEAN, for appellant; EDWARD W. RAWLINS, of counsel.

H. G. COLSON, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 373*—*when evidence shows breach of contract to deliver cars within reasonable time.* In an action to recover damages for a breach of contract for the sale of cars, evidence examined and *held* sufficient to support a finding that the contract called for delivery in a reasonable time, that such delivery was not made and that plaintiff was entitled to recover.

2. SALES, § 376*—*what is measure of damages for breach of contract to deliver property.* The measure of damages on a breach of contract to deliver property is the difference between the contract price and the market price at the time and place of delivery.

3. SALES, § 380*—*how measure of damages for breach of contract to sell goods may not be established.* In an action to recover damages for a breach of contract for the sale of goods, the measure of damages is not to be established by proof of the price fixed in an unconsummated agreement by plaintiff for the resale of the goods to another.

4. SALES, § 386*—*when finding as to market value of goods will not be disturbed.* In an action to recover damages for breach of a contract for the sale of goods, a finding as to the market value of such goods which is well within the limits of the testimony in regard to their market value will not be disturbed on appeal.

5. TRIAL, § 300*—*when propositions of law are insufficient.* Propositions of law submitted to the court should not assume the existence of facts in dispute.

6. TRIAL, § 297*—*when proposition of law is properly refused.* A proposition of law is properly refused where the evidence fails to establish the facts which it assumes and upon which it is predicated.

7. TRIAL, § 292*—*when proposition of law properly refused as inapplicable to facts.* A proposition of law is properly refused when it ignores part of the evidence and when it is not applicable to the facts as found by the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.